# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON

Assigned on Briefs December 4, 2007

## STATE OF TENNESSEE v. MAURICE LASHAUN NASH

**Appeal from the Circuit Court for Tipton County**
**Nos. 5385, 5386, 5387, 5388     Joseph H. Walker III, Judge**

_____

**No. W2007-00321-CCA-R3-CD  - Filed March 25, 2008**

_____

The Appellant, Maurice Lashaun Nash, appeals the sentencing decision of the Tipton County Circuit Court.  Under the terms of a plea agreement, Nash entered guilty pleas to six felonies and one misdemeanor and received an effective ten-year sentence.  The agreement provided that the ten-year sentence would run consecutively to an effective ten-year sentence which Nash was serving at the time of sentencing.  The terms of the plea agreement also provided that the manner of service of the ten-year sentence would be determined by the trial court.  Following a sentencing hearing, the trial court denied Nash's request for alternative sentencing, which Nash now asserts was error.  After review, the judgments of the trial court are affirmed.

**Tenn. R. App. P. 3; Judgments of the Circuit Court Affirmed**

DAVID G. HAYES, J., delivered the opinion of the court, in which JOSEPH M. TIPTON, P.J., and ROBERT W. WEDEMEYER, J., joined.

Tracey A. Brewer-Walker (on appeal), Ripley, Tennessee; and C. Michael Robbins (at trial), Covington, Tennessee, for the Appellant, Maurice Lashaun Nash.

Robert E. Cooper, Jr., Attorney General and Reporter; David H. Findley, Assistant Attorney General; D. Michael Dunavant, District Attorney General; and James Walter Freeland, Jr., Assistant District Attorney General, for the Appellee, State of Tennessee.

## OPINION

### Factual Background

The Appellant was indicted by a Tipton County grand jury, in case numbers 5385, 5386, 5387, and 5388, for offenses which occurred on July 13, 15, 17, and 19, 2005.  On November 30, 2006, the Appellant, pursuant to the terms of a plea agreement, entered guilty pleas to the following offenses: possession of a Schedule I controlled substance (methylenedioxymethamphetamine or "ecstacy") with intent to deliver, a Class B felony; Class E felony possession of marijuana;

misdemeanor possession of drug paraphernalia; delivery of .5 grams or more of cocaine, a Class B felony; delivery of one-half ounce or more of marijuana, a Class E felony; delivery of .5 grams or more of cocaine, a Class B felony; and delivery of one-half ounce or more of marijuana, a Class E felony.

In exchange for his guilty pleas, the plea agreement provided that the Appellant would receive an effective sentence of ten years, as a Range One, Standard Offender, and a fine in the amount of $5000. The agreement further provided that this ten-year term was to run consecutively to two consecutive five-year sentences currently being served by the Appellant for prior Tipton County convictions entered in May and August of 2006.

The trial court held a sentencing hearing on December 21, 2006. The Appellant's girlfriend, Shontae Monique Hawkins, testified that in March of 2006, the Appellant was released from the West Tennessee Detention Facility at Mason and that the two lived together in a house which they rented from his mother in Atoka. She testified that during the three months in which the Appellant resided at the house before returning to prison in May of 2006, "he was in the house all the time, taking care of his kids, staying out of trouble, looking for a job[,]" and that he had gotten a job remodeling buildings. Hawkins recalled that the Appellant "had an interview right before he got ready to get locked up." She testified that she believed that, if the Appellant were granted some form of alternative sentencing, he would reside in Atoka with her and their child.

The Appellant testified that since August of 2006, while imprisoned in Hardeman County, he was a participant in the Life Line Therapeutic Community, where he learned about drug rehabilitation, substance abuse, anger management, and behavior modification. The Appellant claimed to have passed all of his drug screens while a participant in the program. The Appellant acknowledged that he was currently serving a five-year sentence of confinement, which was to be followed by another five-year sentence of confinement, and that the manner of service of the sentence presently at issue was to be determined as a result of the sentencing hearing. The Appellant proposed that the trial court allow him to serve this ten-year sentence in community corrections at the house rented by him and his girlfriend in Atoka.

At the conclusion of the hearing, the trial court denied probation or other alternative sentencing and imposed an effective sentence of ten years in the Tennessee Department of Correction. As provided by the plea agreement, the court ordered that these sentences run consecutively to the two consecutive five-year sentences which the Appellant was serving at the time for convictions in Tipton County case numbers 5137 and 5144.

**Analysis**

The sole issue presented for our review is whether the trial court erred in denying the Appellant an alternative sentencing option. In support of his argument, he notes that the cases at issue were all drug-related and nonviolent in nature. Without particularity, the Appellant contends that "the trial court inappropriately used some enhancement factors from other convictions to deny

him alternative sentencing" for the underlying convictions. He concedes that he has been serving sentences in the Department of Correction for Tipton County Criminal Docket numbers 5137 and 5144, but he submits that while incarcerated, "he has applied himself to all available opportunities to improve himself." The State responds that the Appellant's extensive criminal history and past failures to take advantage of alternative sentencing options support the trial court's decision to deny an alternative sentence in the present case.

When a defendant challenges the length, range, or manner of service of a sentence, it is the duty of this court to conduct a *de novo* review on the record with a presumption that the determinations made by the court from which the appeal is taken are correct. T.C.A. § 40-35-401(d) (2006). However, the presumption of correctness is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." *State v. Ashby*, 823 S.W.2d 166, 169 (Tenn. 1991). The burden is on the appealing party to show that the sentencing is improper. T.C.A. § 40-35-401(d), Sentencing Comm'n Comments. This means that if the trial court followed the statutory sentencing procedure, made findings of facts that are adequately supported in the record, and gave due consideration and proper weight to the factors and principles that are relevant to sentencing, we may not disturb the sentence even if a different result were preferred. *State v. Ross*, 49 S.W.3d 833, 847 (Tenn. 2001). The presumption does not apply to the legal conclusions reached by the trial court in sentencing a defendant or to the determinations made by the trial court that are predicated upon uncontroverted facts. *State v. Dean*, 76 S.W.3d 352, 377 (Tenn. Crim. App. 2001); *State v. Butler*, 900 S.W.2d 305, 311 (Tenn. Crim. App. 1994); *State v. Smith*, 891 S.W.2d 922, 929 (Tenn. Crim. App. 1994). In conducting a *de novo* review of a sentence, we must consider: (1) any evidence received at the trial and/or sentencing hearing; (2) the presentence report; (3) the principles of sentencing and arguments as to sentencing alternatives; (4) the nature and characteristics of the offense; (5) any mitigating or enhancement factors; (6) any statements made by the defendant on his or her own behalf; and (7) the potential for rehabilitation or treatment. *See* T.C.A. § 40-35-210 (2006); *State v. Taylor*, 63 S.W.3d 400, 411 (Tenn. Crim. App. 2001).

Effective June 7, 2005, our legislature amended Tennessee Code Annotated section 40-35-102(6) by deleting the statutory presumption that a defendant who is convicted of a Class C, D, or E felony, as a mitigated or standard offender, is a favorable candidate for alternative sentencing options. Our sentencing law now provides that a defendant who does not possess a criminal history showing a clear disregard for the laws and morals of society, who has not failed past rehabilitation efforts, and who is an especially mitigated or standard offender convicted of a Class C, D, or E felony *should* be considered as a favorable candidate for alternative sentencing options in the absence of evidence to the contrary. T.C.A. § 40-35-102(5), (6) (2006) (emphasis added). The convictions of the Appellant at issue include three Class B felonies, therefore, he falls outside the consideration as a favorable candidate for alternative sentencing options. Nonetheless, Tennessee Code Annotated section 40-35-303(a) (2006) provides, "A defendant shall be eligible for probation under the provisions of this chapter if the sentence actually imposed upon such defendant is ten (10) years or less." Accordingly, because the Appellant's effective sentence in this case was ten years, we will address the trial court's denial of an alternative sentence.

When determining if incarceration is appropriate, a trial court should consider if: (A) confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct; (B) confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or (C) measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant. *Ashby*, 823 S.W.2d at 169 (citing T.C.A. § 40-35-103(1)(A)-(C)).

In its order denying alternative sentencing, the trial court found as follows:

> The [Appellant] was convicted by jury in RD 5144 in May 2006 and was sentenced to 5 years; he was convicted by jury in RD 5137 in August 2006 to aggravated assault and was sentenced to 5 years consecutive (Rule 32 mandatory consecutive) to RD 5144. He is currently in TDOC serving those sentences.

> On November 30, 2006, the [Appellant] entered a plea of guilty in RD 5385 thru [sic] 5388, for an agreed sentence of 10 years consecutive to RD 5144 and 5137. The [Appellant] requests alternative sentencing for this ten year sentence.

> He has been tried on probation multiple times and persists in criminal behavior. He has prior history of convictions, which include additional convictions for theft, resisting arrest, marijuana possession, weapons offense, assault, and multiple other offenses dating from 2005 back to 1992. He has been serving multiple sentences in both the federal and state systems.

> The [Appellant] has a history of violence including assault convictions, and an aggravated assault conviction with a deadly weapon where at least five shots from a large caliber weapon were fired into the victim's car.

> The court finds that due to the seriousness of the offense, the [Appellant]'s record, and the fact he continues to persist in criminal behavior, the court finds that confinement is necessary to avoid depreciating the seriousness of the offense, and for deterrence, and that probation has been tried without success in the past.

> Measures less restrictive than confinement have been applied unsuccessfully. [The Appellant] possesses a criminal history evincing a clear disregard for the laws and morals of society, and evincing failure of past efforts at rehabilitation.

We agree with the trial court's findings that sentences of incarceration are warranted under both subsection (A) and (C) of Tennessee Code Annotated section 40-35-103(1). Subsection (A) provides that a sentence of confinement may be imposed if "confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct." T.C.A. § 40-35-103(1)(A) (2006). Subsection (C) provides that a sentence of confinement may be imposed when "[m]easures less restrictive than confinement have frequently or recently been applied unsuccessfully

to the defendant." *Id.* at 103(1)(C). Because it appears from the record that the trial court properly considered the sentencing principles and all relevant facts and circumstances, these determinations of the trial court are presumed correct. *See* T.C.A. § 40-35-401(d); *Ashby*, 823 S.W.2d at 169. Upon review of the record, we conclude that the trial court did not err in denying the Appellant alternative sentencing.

## CONCLUSION

Based upon the foregoing, the judgments of the Tipton County Circuit Court are affirmed.


_____
DAVID G. HAYES, JUDGE